NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., JAMES ELIST,**
*Plaintiffs-Cross-Appellants*

**v.**

**ROBERT CORNELL, AUGMENTA, LLC, CORNELL COSMETIC UROLOGY LLC, DAVID LOUIS NICHOLS, HUCK MEDICAL TECHNOLOGIES INC., HANSMISCHE, HANS MISCHE LLC, RUN WANG, ROBERT J. CORNELL, M.D., P.A., RICHARD B. FINGER,**
*Defendants-Appellants*

**DOES, 1 THROUGH 10, INCLUSIVE,**
*Defendants*

---

2025-1843, 2025-1863, 2025-1844

---

Appeals from the United States District Court for the Central District of California in No. 2:20-cv-03503-CBM-RAO, Senior Judge Consuelo Bland Marshall.

---

Decided: April 17, 2026

---

NATHAN S. MAMMEN, Reichman Jorgensen Lehman & Feldberg LLP, Washington, DC, argued for plaintiffs-cross-appellants. Also represented by COLE THOMAS TIPTON; RYAN G. BAKER, MAY CHAN, Waymaker LLP, Los Angeles, CA.

RUSSELL STANLEY POST, Beck Redden LLP, Houston, TX, argued for defendant-appellants. Defendant-appellant Richard B. Finger also represented by JONATHAN WEINBERG, King & Spalding LLP, Washington, DC.

KELSI STAYART WHITE, Ahmad, Zavitsanos & Mensing PLLC, Houston, TX, for defendants-appellants Augmenta, LLC, Cornell Cosmetic Urology LLC, Robert Cornell, Hans Mische, Hans Mische LLC, Huck Medical Technologies Inc., David Louis, Nichols, Robert J. Cornell, M.D., P.A. and Run Wang. Also represented by WEINING BAI, JASON S. MCMANIS.

_____

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

DYK, *Circuit Judge*.

I

This case is related to another appeal, No. 2025-1580, of the same district court case which we decide today in a separate opinion. No. 2025-1580 concerns the district court's judgment of liability. This case concerns costs and attorneys' fees.

As we describe in the companion opinion, Plaintiffs International Medical Devices, Inc. ("IMD"), Menova International, Inc. and Dr. James Elist (collectively "plaintiffs"), manufacture and sell the Penuma® cosmetic penile implant. Plaintiffs sued Dr. Robert Cornell, Mr. Richard Finger, Dr. Run Wang, and a number of associated individuals and entities (collectively "defendants") in the Central District of California, asserting misappropriation of trade

secrets, breach of contract, and counterfeiting. The district court entered judgment that defendants misappropriated each trade secret, that Dr. Cornell breached a non-disclosure-agreement contract, that defendants owed a reasonable royalty and exemplary damages for the trade-secret and breach-of-contract claims, that Dr. Wang owed nominal damages for breaching a consulting services agreement, that Dr. Cornell and his medical practice owed damages for a counterfeiting claim, and that two of defendants' patents were invalid for failure to name an inventor. The district court also entered a permanent injunction enjoining defendants from using the trade secrets.

In the companion case, we reverse the district court judgment as to the trade-secret, Dr. Cornell's breach-of-contract, and patent claims but affirm as to the counterfeiting claim. The defendants did not appeal certain aspects of the district court judgment, including a judgment of liability for copyright infringement and Dr. Wang's breach of contract.

## II

This case involves the taxation of $589,343 in costs to plaintiffs and the refusal of the district court to grant attorneys' fees in a post-judgment order in the same case. Defendants appeal the taxation of costs if we vacate or reverse any part of the underlying judgment in the companion case, as we have. Plaintiffs cross-appeal the district court's denial of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## III

Defendants argue that if we vacate or reverse any part of the underlying judgment in the companion case, we should also vacate or reverse the costs judgment. Plaintiffs respond that because defendants have not appealed certain claims on which plaintiffs prevailed (as to copyright infringement and breach of contract by Dr. Wang), plaintiffs

will remain the prevailing party, no matter the outcome of the companion case. Plaintiffs' position is also supported to a limited extent by our decision affirming judgment of the counterfeiting claim.

A party prevails when "actual relief on the merits of his claim materially alters the legal relationship between the parties." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). We have held that there can be only one prevailing party, even if no party prevails on all claims. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (examining Ninth Circuit law). But in *Shum*, we explained that a district court may "award[] costs to each party with respect to the claims on which they prevailed, then netting those sums to arrive at [a] final figure." *Id.* at 1364. The Ninth Circuit rule is similar. *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018) (citing *Shum*, 629 F.3d at 1364).

Thus, even if the plaintiffs remain the prevailing party by virtue of having prevailed on some claims altering the legal relationship between the parties, it does not follow that the award of costs must stand. Our resolution of the companion case alters which party prevailed on several claims, including the claims that underlaid the vast majority of the monetary judgment. The district court should consider, as in *Shum* and *Williams*, how the disposition of each claim affects the net taxation of costs. Additionally, some of the defendants against whom costs have been assessed, including Mr. Richard Finger, are not liable for any judgments following the disposition of the companion case. We therefore vacate the costs judgment to allow the district court to consider the allocation of net costs against the defendants liable for each claim.

IV

Plaintiffs cross-appeal the denial of fees under the California Uniform Trade Secrets Act, which provides that if "willful or malicious misappropriation exists, the court

may award reasonable attorney's fees and costs to the prevailing party."  Cal. Civ. Code § 3426.4.

In the companion case, we reverse the judgment as to all defendants' alleged misappropriation.  There is thus no willful or malicious misappropriation on which to found a claim for fees.  We accordingly dismiss plaintiffs' cross-appeal as moot.  *See Dow Chem. Co. v. Nova Chems. Corp. (Can.)*, 803 F.3d 620, 625–26 (Fed. Cir. 2015) (dismissing a cross-appeal for enhanced damages as moot following reversal of the underlying judgment).

## CONCLUSION

We vacate the district court's award of costs and remand for further proceedings consistent with this opinion. We dismiss plaintiffs' cross-appeal for attorneys' fees.

### VACATED-IN-PART, REMANDED-IN-PART, DISMISSED-IN-PART.

## COSTS

No costs.